JAMES WHITE, 2d, vs. DAVID BROWN & others.

Mortgages of real and of personal property were made by and to the same parties, by different instruments, at the same time, and to secure payment of the same debt, with a provision in the latter, that if the mortgagee should take possession of the mortgaged property, for a breach of the condition, it should be lawful for the mortgagee, or his assignee, to cause the same to be sold at auction, and to apply the proceeds, deducting the expenses, to the payment of the debt; the mortgagee subsequently assigned his interest in both mortgages to the same assignee, and the right in equity to redeem the real estate mortgaged was attached and sold on execution; the assignee subsequently took possession of and sold the personal property, under the provision above mentioned; and the purchaser of the equity brought a bill to redeem against the assignee: It was held, that the plaintiff was entitled to have the proceeds of such sale, or, if the sale were not fairly conducted, the amount for which the property might have been sold at a fair and *bona fide* auction, applied to the payment of the debt secured by the mortgage of the real estate.

Where a mortgagee of both real and personal estate, which had been mortgaged by different instruments as security for the same debt, was in possession of the whole mortgaged property, for a breach of the condition, and, after using and occupying the same for some time, made sale of the personal estate, under a power contained in the mortgage thereof, and applied the proceeds towards payment of the debt, it was held, that in stating an account between the parties, on a bill in equity to redeem, the rent of the premises might embrace the use and occupation of both the real and personal estate, for the whole time, provided no charge of interest was made on the proceeds of the personal estate, from the time of the sale.

If a mortgagee, in possession for condition broken, insure his interest in the premises, without any agreement therefor between him and the mortgagor, and a loss accrues, which is paid to the mortgagee, the mortgagor, on a bill to redeem and an account stated for the purpose, is not entitled to have the amount of such loss deducted from the mortgagee's charges for repairs.

THIS was a bill in equity for the redemption of certain mortgaged premises in East Bridgewater, and came before the court upon exceptions by the defendants to the report of Zachariah Eddy, esquire, one of the masters in chancery for the county of Plymouth, to whom it was referred to state the accounts between the parties.

It appeared, from the bill and answer, that the Keith Iron Company, (a corporation legally established in this commonwealth,) on the 3d of May, 1837, made a mortgage to Thompson, Oakes & company, to secure the payment of a promissory note of that date, for $6536·95, payable on demand, with interest, of "all and singular the real estate, lands

buildings, fixtures, and machinery, belonging to the company, situated in East Bridgewater."

On the same day, the Keith Iron Company made a mortgage to the same mortgagees, to secure the payment of the same note, of "all and singular the machinery, goods, chattels, wares, and merchandises mentioned, specified, and described in a schedule thereto annexed, the same being situate in and upon or near the works of the mortgagors in East Bridgewater." This mortgage contained the following clause : "In case said Thompson, Oakes & company, or their assigns, shall take possession of said property for the breach of the condition thereof, it shall be lawful for said Thompson, Oakes & company, or their assigns, to cause said property to be sold at auction, without any delay whatever, and the proceeds of any such sales, after deducting all expenses, to apply to the payment of said promissory note."

The mortgagees entered and took possession, for condition broken, of all the property, both real and personal, included in both mortgages, on the 16th of August, 1841 ; and, on the 8th of September following, they leased the whole premises to the defendants, who, by themselves or their tenants, have since used and occupied them, and who became the purchasers and assignees of the first mortgage on the 19th of June, 1844, and of the second on the 31st of July following.

On the 25th of October, 1844, the defendants, in pursuance of the clause above recited contained in the second mortgage, made sale of a variety of articles specially mentioned in that deed for the sum of $825, which they credited in their account.

On the 19th of March, 1841, the right in equity of the Keith Iron Company, to redeem under the first mortgage, was attached by Porter & Webb, in a suit against the company, and sold on the 7th of March, 1842, to the plaintiff, in pursuance of an execution issued on the judgment obtained therein.

The master's report, in reference to the points as to which exceptions were taken, was as follows : —

35 *

1. The plaintiff contended, before the master, that the property included in the second mortgage was the same which was mentioned in the first under the name of machinery, and that the second mortgage was taken merely for greater caution, or in order to secure the transfer by a deed to be recorded with the town clerk. The master was of opinion, that certain articles mentioned in the schedule of the second mortgage were included in the first under the general term of "machinery;" and that certain others mentioned in the schedule, either did not come within the meaning of that general term, or had been worked up by using, or had never come to the possession of the defendant. The master was also of opinion, that as the two mortgages were made at the same time, the intention of the parties was to be sought in the terms of both, and that the clause already referred to, relating to the sale and appropriation of the property embraced in the second, entitled the purchaser of the equity of redemption under the first to the benefit of the proceeds of the sale made by the defendants under the second.

The defendants admitted, in their answer, that, in pursuance of the provisions of the second mortgage, they had made sale of certain articles of machinery specially mentioned therein, for the sum of $825, which they had credited in the account rendered by them. In reference to this sale, the master was of opinion, and so reported, that the property sold was worth three times the amount for which the defendants stated that the sale had been made; that the sale was not sufficiently notified, so as to assemble any bidders but the defendants and one or two of their workmen; that the machinery was bought by the defendants themselves, their agent having bid it off, and the purchase money having passed from one to the other *pro forma* only; and that under these circumstances the sale was not a fair and *bona fide* sale.

The plaintiff claimed, that, as the parties had appropriated the machinery so sold to the payment of the note, for which both mortgages were given, and as the sale had not been made fairly, the defendants should account for the property

at its reasonable worth, or at what it might have been sold for at a fair and *bona fide* auction. The master adopted this view (subject to the opinion of the court), and being of opinion that the property would have sold for $2250, at least, if the sale had been so conducted as to dispose of it to the best advantage, he charged the defendants with that sum, in the account, for machinery sold by them. This charge was excepted to, on the ground, that the machinery, included in the second mortgage, was declared and treated by the parties as personal estate, and that the plaintiff acquired no lien thereon, or interest therein, by his purchase of the equity of redemption.

2. The master estimated the rent of the premises, including the machinery above mentioned, at nine hundred dollars a year, and charged the same to the defendants accordingly ; but, having thus included the machinery, as a part of the premises for which rent was chargeable to the defendants, he made no charge of interest for the value of it after the sale. The defendants excepted to so much of the charge for rent, as was derived from the use and occupation of the machinery, for the reason already stated as the ground of the first exception.

3. The defendants, on taking possession, caused policies of insurance to be effected on the premises, and charged the premiums in their account. The master disallowed these charges, for two reasons; first, because a mortgagor is not so chargeable, without a special agreement, and no such agreement was proved to have existed between the present parties, although there had been a verbal agreement to that effect between the original parties to the mortgage ; and, secondly, because he considered the fair rent to be as he had stated it, even though the mortgagees should pay the premiums on their own account. The losses by fire, amounting to $25, having been paid by the insurers, were deducted by the master from the account for repairs ; for the reason, as stated by him, that it would not be right that the defendants should be paid twice for the same thing. This deduction was the subject of the third exception.

*J. H. Clifford* and *W. Young*, for the defendants.

*T. G. Coffin* and *F. A. Kingsbury*, for the plaintiff.

FLETCHER, J.   In support of the first exception, it was said, that the property in the second mortgage was personal property; that the plaintiff purchased only the equity of redemption of the real estate; and had no right under that purchase to this personal property.   The answer to this exception is, that though it is true that the plaintiff purchased only the equity of redemption of the real estate, yet, as the holder of the equity, he has a right to the benefit of all payments made on the note, and that by the provision in the second mortgage, if the defendants disposed of the property, the proceeds were to be applied in payment of the note.   The defendants did dispose of the property, and such disposition was of course a payment on the note, to which the plaintiff was entitled.   If the sale had been fair, the credited price would have been the amount of payment, but as the sale was not a fair one, the credited price was not the just measure of the payment to be allowed on the note; but the proper amount was the fair value of the property, which was the amount charged against the defendants by the master.   This exception must therefore be overruled.

The defendants next except, that the master has erroneously charged the defendants with the use of this property, in the charge he has made for rent.   It appears, by the report, that the master has very fairly and equitably obviated this exception, by not allowing any interest on the amount charged for the property sold; for the reason, that in estimating the rent of the works, he included this machinery as a part of them.   This exception must therefore be overruled.

The defendants next except, that the master has deducted from the defendants' charges for repairs $25, being the amount received by the defendants from the insurers upon a policy effected by them, for a loss by fire.   The master says, in his report, that he deducted this sum, it not being right that the defendants should be paid twice for the same thing. It certainly would not be right, that the defendants should be

paid twice, by the plaintiff, for the same thing; but it is certainly right, that the defendants should be paid by rents and profits for repairs they made, and also right that they should retain of the insurance received what they were entitled to by virtue of any legal contract they had made. There was no privity in fact or law between the plaintiff and defendants, in the contract of insurance, and upon no principle can the plaintiff be entitled to the benefit of that contract. The defendants alone effected the insurance, and are exclusively entitled to the benefit of it, and the amount received by them under their policy could not properly be taken into the account, in adjusting the amount for repairs between them and the plaintiff. If a mortgagee gets his interest insured, and receives the amount of the insurance under his policy, it does not affect his claim against the mortgagor. The two claims are wholly distinct and independent. This exception must be sustained, and the report amended accordingly.

The third exception is sustained, and the case recommitted to the master, to amend the report; to bring up the interest; and to audit the account for the repairs since the hearing.